UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:25-CR-86-KAC-JEM |
| | ) | |
| MARC DAVIS and JEREMI SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Marc Davis's Motion to Sever [Doc. 68] and Defendant Jeremi Smith's Notice of Joinder in Co-Defendant Marc Davis's Motion to Sever [Doc. 85]. 28 U.S.C § 636(b). The Indictment charges Defendant Davis and Defendant Smith ("Defendants"), along with five other named defendants, with conspiracy to knowingly, intentionally, and without authority distribute a mixture and substance containing four hundred (400) grams or more of a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a), and with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956 [Doc. 3 pp. 1–3].

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Defendant Davis asserts that proceeding to trial with the six other codefendants would cause him undue prejudice and deny him a fair trial [Doc. 68 p. 1]. Defendant contends that while he is named in the conspiracy, his involvement is limited to three controlled drug buys, making him a minor participant in the conspiracy, and that his codefendants are substantially more culpable [*Id.*]. He argues that there is a risk of evidentiary spillover because he is not part of the twenty-month conspiracy alleged by the Government [*Id.* at 3]. Defendant maintains that given his limited involvement, there is too great

a risk that the jury would not be able to separate "his limited role" from the overall conspiracy, particularly when it comes to the money laundering conspiracy, as Defendant submitted there is no evidence of his participation [*Id.*]. Finally, Defendant notes that he has asserted his speedy trial rights in this case and that if the case were to be continued again, it would deprive him further of his Sixth Amendment right to a speedy trial [*Id.* at 4].

The Government responds in opposition, contending that Defendant is properly joined with his codefendants under Rule 8 and that Defendant is unable to carry his burden of demonstrating a substantial, undue or compelling prejudice as required under Rule 14 [Doc. 73 p. 1]. With respect to Defendant's assertion of his right to a speedy trial, the Government argues that Defendant is attempting to seek an anticipatory ruling on any possible future motions to continue [Doc. 75 p. 2]. The Government further maintains that Defendant has not articulated how any previous continuance has prejudiced any specific trial right [*Id.*]. Specifically, the Government asserts that Defendant "does not even claim that his defense has been or likely will be impaired due to last access to witnesses or evidence that would support a defense" [*Id.* (citing *United States v. Bass*, 460 F.3d 830, 837–38 (6th Cir. 2006))].

Defendant Jeremi Smith files a Notice of Joinder in Co-Defendant Marc Davis's Motion to Sever [Doc. 85]. Defendant Smith argues that he is similarly situated to Defendant Davis, as the discovery indicated the only interaction that he had in the conspiracy was with Defendant Davis and none of the other named codefendants [*Id.* at 1]. Further, Defendant Smith alleges that there is a risk of spillover prejudice in going to trial with codefendants who were not associated with him [*Id.*]. Finally, he asserts his right to a speedy trial and notes that going forward he would not agree to another request for a continuance that would infringe upon his Sixth Amendment right to a speedy trial [*Id.*].

Again, the Government responds and maintains that Defendant Smith is properly joined under Rule 8 and is also unable to show that a specific trial right would be prejudiced if he were to go to trial with his codefendants [Doc. 88 pp. 2–3]. The Government also notes that Defendant Smith did not oppose Defendant Patterson's motion to continue and agreed to waive his speedy trial rights [*Id.* at 3].

For the reasons discussed herein, the motion for severance [**Doc. 68**] is **DENIED**.

## II.     ANALYSIS

Federal Rule of Criminal Procedure 8(b) provides:

> The joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant.

Fed. R. Crim. P. 8(b). The Sixth Circuit Court of Appeals has held that although Rule 8 "should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law." *United States v. Hatcher*, 680 F.2d 438, 440 (6th Cir. 1982) (citing *United States v. Franks*, 511 F.2d 25, 28 (6th Cir.), *cert. denied*, 422 U.S. 1042 (1975)). Defendants do not argue that they were not properly joined under Rule 8. The general rule is that parties who are jointly indicted should be tried together. *United States v. Davis*, 809 F.2d 1194, 1207 (6th Cir. 1987) (citing *United States v. Dempsey*, 733 F.2d 392, 398 (6th Cir. 1980)). Here Defendants are alleged to have participated in the same act or series of transactions, that is a conspiracy to distribute fentanyl and commit money laundering [Doc. 3]. *See United States v. Smith*, 197 F.3d 225, 230 (6th Cir. 1999) (observing that "[t]he general rule in conspiracy cases is that persons indicted together should be tried together"); *United States v. Welch*, 97 F.3d 142, 147–48 (6th Cir. 1996) (affirming denial of severance where defendant only named in three of twenty-nine counts stemming from a conspiracy to sell cocaine).

Rather, they move under Federal Rule of Criminal Procedure 14(a), which provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ." Fed. R. Crim. P. 14(a). Joint trials are favored because they are more efficient and reduce the risk of inconsistent verdicts. *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020) (citations omitted). Joint trials are particularly favored in conspiracy cases. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993).

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. *United States v. Wirsing*, 719 F.2d 859, 864–65 (6th Cir. 1983). Whether to grant severance or to fashion some other remedy is a matter of the Court's discretion. *United States v. Gjokaj*, 555 F. App'x 581, 587 (6th Cir. 2014) (citing *Zafiro*, 506 U.S. at 538–39).

The party asserting prejudice bears a "heavy burden." *United States v. Deitz*, 577 F.3d 672, 693 (6th Cir. 2009). A court should grant severance only if a defendant can show "substantial," "undue," or "compelling" prejudice. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from Sixth Circuit cases). Severance of jointly indicted defendants for separate trials "is an extraordinary remedy, employed only to alleviate 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Powell v. United States*, No. 20-1782, 2021 WL 613416, at *2 (6th Cir. Jan. 4, 2021) (quoting *Zafiro*, 506 U.S. at 539); *Tisdale*, 980 F.3d at 1094 (observing that "severance is not the norm"). In this regard, "juries are presumed capable of sorting evidence and considering separately each count and each defendant." *United*

4

*States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2006) (quoting *United States v. Welch*, 97 F.2d 142, 147 (6th Cir. 1996)).

Both Defendants assert that a joint trial would compromise their right to a speedy trial [*See* Docs. 68 p. 4, 85 p. 1]. At this time, trial is scheduled for February 24, 2026 [Doc. 65]. In continuing the trial upon Defendant Larry Patterson's request, the Court addressed Defendant Davis's objection to the continuance [*Id.* at 3]. The Court found that any delay under the Speedy Trial Act was excludable over his objection [*Id.*]. And Defendant Smith did not object to the continuance [*See* Doc. 42]. As for their Sixth Amendment rights to a speedy trial, Defendants assert the right will be prejudiced but they do not discuss the length of the delay, the reasons for the delay, or the prejudice they face as a result of the delay. *See Barker v. Wingo*, 407 U.S. 514, 530–32 (1972) (setting forth the factors to consider when determining whether there has been a violation of the Sixth Amendment).

Defendant Davis also argues that a joint trial is prejudicial because there is a risk of evidentiary spillover that could lead to the confusion of the jurors in deciding his guilt or innocence [Doc. 68 p. 3]. He contends that the discovery shows only three interactions with a codefendant who had Defendant transport drugs from a sale arranged by the codefendant and that it is clear he is not part of the far-reaching twenty-month conspiracy [*Id.*]. Similarly, Defendant Smith submits that his only interaction in the conspiracy is with Defendant Davis and that there is a great risk of spillover prejudice if he goes to trial with codefendants [Doc. 85 p. 1].

Absent "substantial prejudice," spillover of evidence does not require severance. *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990). Severance is not required unless the evidence is so complex or confusing that the jury would be unable to make individual determinations about guilt for each of the defendants. *United States v. Bright*, 630 F.2d 804, 813 (6th Cir. 1980); *see*

5

*United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994) (noting that the jury is presumed capable of sorting out evidence applicable to each defendant and rendering its verdict accordingly).

While Defendant Davis and Defendant Smith maintain that the evidence in this case indicates a low level of involvement in the conspiracy, "a defendant need not have direct contact with the other co-conspirators or even know the existence of all the co-conspirators in order to participate in the same conspiracy or share the same criminal purpose." *United States v. Bibbs*, No. 3:19-CR-151, 2021 WL 2383326, at *13 (E.D. Tenn. June 10, 2021) (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) ("As long as the indictment is valid, contains the elements of the offense, and gives notice to the defendant of the charges against him, it is not essential that a conspirator knows all other conspirators.")). The Sixth Circuit has found that "a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him." *United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987).

Moreover, the Government cites to evidence that indicates a greater level of involvement than what Defendants purport at this time [*see* Doc. 73 p. 3; Doc. 88 p. 3], which suggests the risk of prejudice is minimal. In response to Defendant Davis's contention that he is a "minor participant" in the conspiracy, the Government highlights that when Defendant was arrested, he was found by the FBI trying to flush a package with a package weight of over 700 grams of fentanyl [Doc. 73 p. 3]. The Government contends that the evidence shows that Defendant Davis was witnessed in multiple months of daily hand-to-hand drug sales outside 634 Inskip Drive, Knoxville, Tennessee, that he lived at that residence, and that Defendant Davis and Defendant Smith used the residence to store and sell fentanyl [*Id.*]. The search warrant at that residence revealed over $14,000 in cash and other items indicative of drug distribution [*Id.*]. Finally, the Government maintains that many of the same witnesses will testify against Defendant Davis,

Defendant Smith, and Defendant Daniel Miles [*Id.*]. As for Defendant Smith specifically, the Government argues the evidence shows that he was involved in the conspiracies from at least August 20, 2025, and that he conspired to sell fentanyl with at least two of the codefendants in this case [Doc. 88 p. 3].

Defendant Davis also argues that there is no evidence connecting him to the conspiracy for money laundering, but the Sixth Circuit "has previously determined that money laundering is an act integrally related to the success of a conspiracy to distribute drugs." *United States v. Johnson*, No. 11-CR-20752, 2013 WL 870374, at *1–2 (E.D. Mich. 8, 2013) (citing *United States v. Rooks*, 181 F.3d 105 (Table), 1999 WL 357830, at *3–4 (6th Cir. May 25, 1999)). A "defendant 'need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement.'" *United States v. Warman*, 578 F.3d 320, 333 (6th Cir. 2009) (quoting *United States v. Gibbs*, 182 F.3d 408, 421 (6th Cir. 1999)), *cert. denied*, 130 S. Ct. 1103 (2010).

Finally, Defendants have not pointed to any specific risk that the jury would not be able to consider separately the evidence against each defendant. *See United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985) (explaining that a defendant must show the jury's inability to separate and treat distinctively evidence relevant to each defendant). And whatever alleged prejudice Defendants may face could be addressed by limiting instructions. *See United States v. Bell*, No. 17-CR-20183, 2019 WL 3451223, at *6 (E.D. Mich. July 31, 2019) ("This Court believes that any potential confusion from spillover evidence will be prevented by carefully and adequately instructing the jury to consider the evidence against each Defendant separately, particularly regarding the conspiracy charges.").

In sum, the Court finds that Defendant Davis and Defendant Smith have failed to satisfy their "heavy burden of showing specific and compelling prejudice" to warrant severance. *Harris*,

7

Case 3:25-cr-00086-KAC-JEM    Document 97    Filed 01/22/26    Page 7 of 8    PageID #: 261

9 F.3d at 501. *See United States v. Washington*, 565 F. App'x 458, 466 (6th Cir. 2014) (finding that, even though defendants may have suffered "some slight disadvantage" on the refusal to sever, it did not meet the requisite standard of prejudice).

### III. CONCLUSION

For the reasons explained above, the Court **DENIES** the Motion to Sever [**Doc. 68**].

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge