UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-CR-86-KAC-JEM-3 |
| | ) | |
| MARC DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REVOKE DETENTION ORDER**

Before the Court is Defendant Marc Davis's "Motion to Revoke or Amend Magistrate Judge's Detention Order" [Doc. 84]. For the below reasons, the Court denies Defendant's Motion.

**I.  Procedural Background**

A grand jury indicted Defendant for conspiring to (1) distribute a mixture and substance containing 400 grams or more of a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); and (2) commit money laundering, in violation of 18 U.S.C. § 1956 [*See* Doc. 3 at 1-2]. The conduct charged allegedly occurred "from on or about December 20, 2023, up to and including on or about August 20, 2025" [*Id.* at 1]. Defendant filed a motion for pretrial release on conditions [Doc. 67]. United States Magistrate Judge Jill E. McCook held an evidentiary hearing on Defendant's motion [Doc. 78].

After the hearing, Judge McCook ordered Defendant detained pending trial [Doc. 82, *see also* Doc. 83]. Judge McCook determined that the United States proved (1) by clear and convincing evidence, that "no condition or combination of conditions w[ould] reasonably assure the safety of any other person and the community," and (2) by a preponderance of the evidence,

that "no condition or combination of conditions w[ould] reasonably assure" Defendant's appearance as required [Doc. 82 at 2, *see also* Doc. 83].

Then, Defendant filed the instant Motion, asking the undersigned to "revoke or amend" the detention order [Doc. 84]. In support, Defendant asserts that release on conditions would reasonably guarantee the safety of the community and his appearance because (1) he would return to Detroit, live with his mother there, and work with his stepfather there; (2) he is not alleged to have committed any crimes in Detroit, only in East Tennessee; and (3) his prior criminal history is limited [*See id.* at 4-5]. The United States opposes the Motion [Doc. 94].

## II.     Analysis

If a magistrate judge orders a defendant detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). The district court must generally review the magistrate judge's order de novo and may do so without holding a further hearing. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013); *see also United States v. Oaks,* 793 F. App'x 744, 747 (10th Cir. 2019). Here, the undersigned need not hold an additional hearing because the information Defendant presents is already in the record from the initial detention hearing [*See* Doc. 84 at 1-2, 4 (arguing that the Court erred in evaluating the 18 U.S.C. § 3142(g) factors in light of the evidence presented at the detention hearing); *see also* Doc 104]. *See also* 18 U.S.C. § 3142(f); *United States v. Williams*, No. 20-CR-142, 2020 WL 6866404, *2-5 (S.D. Ohio Nov. 23, 2020) (reviewing magistrate judge's detention order de novo without a hearing).

18 U.S.C. § 3142 governs the release or detention of a defendant pending trial. Where, as here, the United States moves for detention of a defendant charged with "an offense for which a

2

maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 18 U.S.C. § 3142(f)(1)(C), the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community," *see id.* at § 3142(e)(1), (f). The factors that the Court considers are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g); *see also United States v. Hoilman*, No. 22-6108, 2023 WL 4074630, *1 (6th Cir. Apr. 24, 2023) (citations omitted).

Under Section 3142(e)(2), the Court presumes, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if the Court concludes that "there is probable cause to believe that the [defendant] committed" a qualifying offense under the Controlled Substances Act. 18 U.S.C. § 3142(e)(3)(A). A grand jury's indictment "by itself, establishes probable cause to believe that a defendant committed the charge with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). To rebut the presumption, Defendant must "introduce at least some evidence" that he is not a flight

risk and does not pose a danger to the community. *Id.* at 945, 947 (noting that the defendant's burden of production is "relatively light").

Judge McCook concluded that the presumption applies and Defendant "presented evidence sufficient to rebut the presumption" [*See* Doc. 82 at 2]. No Party disputes those conclusions, [*see* Docs. 84 at 3, 94 at 4], and the undersigned sees no reason for doing so. Even still, "the presumption favoring detention does not disappear entirely;" it "remains a factor to be considered among those weighed by the district court." *See Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2010) (per curiam)).

In the end, the United States "must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); *see* 18 U.S.C. § 3142(f) (addressing the United States's burden as to "the safety of any other person and the community"). The United States has met its burden.

The Section 3142(g) factors weigh in favor of detaining Defendant. **First**, the nature and circumstances of the offenses charged favor detention. Defendant allegedly conspired "to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl," over an approximately twenty (20) month period [Doc. 3 at 1]. And the evidence the United States proffered at the detention hearing placed over 140 grams of fentanyl directly in the control of Defendant and an alleged co-conspirator during the charged conspiracy period [*See* Doc. 104 at 10-12]. Fentanyl is an exceptionally dangerous drug that poses serious risks to the community. *See United States v. Taylor*, 449 F. Supp.3d 668, 673 (E.D. Ky. 2020). The Indictment charged Defendant with a serious offense involving a controlled substance that presents a grave threat to the safety of the community. *See* 18 U.S.C. § 3142(g)(1).

4

***Second***, Defendant's alleged conduct highlights the danger that his potential release represents. *See* 18 U.S.C. § 3142(g)(2). This second factor "only goes to the likelihood that the defendant will pose a danger to the community and is not a pretrial determination of guilt." *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *2 (6th Cir. July 20, 2020). As discussed above, Defendant is charged with an offense that poses a serious risk of danger to the community. The United States presented evidence at the detention hearing that Defendant and a co-conspirator sold over 140 grams of fentanyl during FBI controlled purchases alone [*See* Doc. 104 at 10-12]. The United States also presented evidence of Defendant selling drugs to others [*See id.* at 11-12]. Additionally, the United States presented evidence that when law enforcement executed a search warrant of an apartment Defendant allegedly resided in, they found him attempting to flush over 700 grams of fentanyl down the toilet [*See id.* at 12-13]. Willingness to destroy evidence demonstrates at least some inclination to avoid criminal responsibility and a danger to the community. *See United States v. Lamar,* 600 F. Supp.3d 714, 723 (E.D. Ky. 2022). And Defendant is potentially subject to a ten (10) year mandatory minimum sentence for the fentanyl charge, creating an incentive for him not to appear. *See United States v. Brown*, 601 F. Supp.3d 196, 204 (E.D. Ky. 2022) (citing *United States v. Shuklin*, No. 19-4171, 2020 WL 2992522, at *1 (6th Cir. Mar. 18, 2020)). If the crime charged were proved, this mandatory minimum would hold unless Defendant met the requirements of 18 U.S.C. § 3553(f) or § 3553(e). Even if Defendant did not engage in any violence or possess a firearm in connection with this offense, Defendant's conduct during the instant offense, which itself is inherently dangerous, weighs against his release. *See* 18 U.S.C. § 3142(g)(2).

***Third***, Defendant's history and characteristics likewise weigh in favor of continued detention. Defendant is a forty-two (42) year old man. He allegedly is a lifelong resident of

5

Detroit, Michigan [*See* Doc. 84 at 4].  That representation is blunted by the fact that the United States presented evidence showing that Defendant spent significant time in Knoxville, Tennessee selling drugs [*See* Doc. 104 at 11-13].  He has a long criminal history that includes three (3) controlled substance convictions, a firearm conviction, a domestic violence conviction, and a no contest plea to resisting a police officer [*See* Pretrial Services Report at 3-8].[1]  He also violated his probation on at least one occasion, and he failed to appear for court multiple times [*See id.*].

Defendant argues that his criminal convictions are dated, failures to appear are mostly for civil traffic violations, and that he has now paid off his outstanding court costs [*See* Doc. 84 at 5].  Even still, his criminal history and history of nonappearance demonstrates a risk of danger, a disregard for the law, and a risk of nonappearance or flight here.  *See* 18 U.S.C. § 3142(g)(3)(A), (4).  Considering the other relevant factors, while Defendant now has a job lined up if he were released, he has not held lawful employment since 2023 [*See* Pretrial Services Report at 2].  And Plaintiff's ties to family in the Detroit area cut both ways.  Family support is a mitigating factor.  But if Defendant was residing in Detroit with his mother during the charged conspiracy, he was able to leave for periods of time and allegedly traffic fentanyl in East Tennessee without detection, an aggravating factor.  And Defendant's lack of personal substance abuse does not reasonably assure his appearance in this case or the safety of the community if he was released.  On balance, Defendant's history and characteristics favor detention.  *See* 18 U.S.C. § 3142(g)(3)(A).

***Last***, Defendant's release would pose a serious danger to the community.  *See* 18 U.S.C. § 3142(g)(4).  As discussed above, Defendant's criminal history before this case and his

---

[1] Information related to Defendant's criminal history is contained in the Pretrial Services Report compiled by the United States Probation Office, made available to the Parties before Defendant's detention hearing, and on file with the Court.  The United States Probation Office recommended that Defendant remain detained pending trial.

6

alleged conduct demonstrates the risk of further illegal activity—and its concomitant potential danger to the community—that his release would present. *See id.* So this factor, too, supports detention.

To alleviate these concerns, Defendant proposes "conditions of a third-party custodian, employment, random drug testing, electronic monitoring and travel restrictions plus any other conditions the court might impose" [Doc. 84 at 5]. But weighing the pertinent factors in light of the evidence in the record, the United States has met its burdens to show that these conditions, or others the Court might impose, would not "reasonably assure" Defendant's appearance as required and "the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1), (f); *Hinton*, 113 F. App'x at 77. Defendant's proposed third-party custodian, his mother, does not reasonably assure Defendant's appearance and the safety of the community given that she also testified that he lived with her in Detroit or saw him "every day" since 2023 [*See* Doc. 104 at 8-9]. Neither does his proposed employment, given that he left a similar job around the time the charged conspiracy allegedly began and has not been formally employed since 2023 [*See* Pretrial Services Report at 2]. Nor does random drug testing weigh strongly in Defendant's favor considering that he denies a history of substance abuse [*See id.*]. And electronic monitoring and travel restrictions, standing alone, do not alleviate the Court's concerns and the factors weighing against Defendant's pretrial release, particularly given the evidence that he as dealing drugs from a residence in Knoxville and his history of nonappearance [*See* Doc. 104 at 11]. In total, Defendant's proposed conditions do not mitigate the risk of future illegal behavior or nonappearance if he is released. Defendant's inherently dangerous alleged conduct in this case coupled with his history and characteristics demonstrate the risk of nonappearance and danger that his release poses. *See* 18 U.S.C. § 3142(g).

7

### III. Conclusion

Considering the relevant factors, no conditions of release would reasonably assure "the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1). Accordingly, the Court **DENIES** Defendant's "Motion to Revoke or Amend Magistrate Judge's Detention Order" [Doc. 84]. Defendant shall remain detained.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge